Good morning. This is Dan Ballester on behalf of the petitioner, Mr. Galvan-Hernandez. Your Honor, the court has already read the brief, so I would like to go to what I feel is the biggest weakness and consequently the strongest strength of the petitioner's case in this matter, and that is the issue, the central issue of consent. Your Honor, Justice Schroeder wrote in the matter of Lisby v. Gonzales, 420 F. 930, with regards to the California crime of sexual battery, that the touchstone to your conclusion that sexual battery is a crime of violence is the fact of non-consent. Staying true to that theme, in the case of Valencia v. Gonzales, 431 F. 3rd, 673, this court found that consensual sex in the form of statutory rape is not a crime of violence. So I believe there's a line drawn in the sand in this particular case, and that is if there's consent between the defense and the victim, it is not a crime of violence. If there is no consent, then there is. It makes sense if a defendant and a victim have conflicting interests, there's more of a chance that the defendant will have to use force, would have to use threats, or would have to instill fear in order to bend the victim's conduct to his will. So, counsel, in this case, we're looking at the crime of attempted kidnapping. That's correct. Okay. So the issue in this case is whether or not it fits under 16D, is that correct? That's correct, Your Honor. And so when we look at that, the issue is whether or not the crime by its nature, if it has, it involves a substantial risk that physical force against the person or property of another may be used, without looking at the actual facts of the case. That's what we're looking at. So tell me why, in your view, this case did not fit under 16B, because we don't look at the particular facts of the case. We just look at whether or not the offense that's involved has a substantial risk that physical force will be used. So tell us why it doesn't meet 16B. Yes, Your Honor, and I can actually tie it into the Valencia v. Gonzalez case, the statutory rape case decided by this court. Essentially, Arizona's kidnapping statute is unique in the sense that it is, for lack of a better term, a statutory kidnapping charge. That is that consent is not a defense if the child is less than 18 or if the victim is less than 18. So putting this together and combining it with the Valencia v. Gonzalez scenario, a 19-year-old boyfriend, for example, brings a 17-year-old girlfriend to a hotel, fully with the victim's consent, the victim is a child, and for the purpose of having a, of committing a sexual offense against her, and that is sexual conduct with a minor, which in Arizona is sex with somebody who is under the age of 18. That person, that defendant, that 19-year-old boy is now guilty of kidnapping. It becomes a Class III felony, you know, because the attempt reduces it one class, but in this particular case, if the 19-year-old returned the child back to her parents, you know, pursuant to perhaps, like, for example, a police demand, then it's a Class III felony, so long as the victim is unharmed. But the problem with your argument is that the statute that he pled guilty to provides that a person commits kidnapping by knowingly restraining someone. Right. And then the definition of restrain is to restrict the person's movement without consent. Your Honor, restraint is further defined in that same statute under the, under subsection 1b of the statute. Subsection 1b is also including any means, including acquiescence of the victim, if the victim is a child less than 18 years old. So consent is not just implicit in the kidnapping statute in Arizona, it is actually explicit. And so the line of cases, the line in the sand has been clearly drawn. It is an issue that, quite frankly, the government either declined or for some reason decided not to address in their brief. And that is the touchstone, the touchstone issue in this case, and that is the issue of non-consent. Perhaps if I can reserve the rest of my time for rebuttal, but I would like to close off with this court with a sentence or the holding in this, from this court in the case of U.S. v. Williams in Ninth Circuit, a case from 1997 in which the Oregon kidnapping statute was examined by this court. The Oregon kidnapping statute requires that the kidnapping occur without the consent of the victim. This court held kidnapping that occurs without consent of the victim involves an inherent risk of physical injury. Your Honor, if that is true, we submit that the opposite must also be true, and that is that kidnapping with consent of the victim is not, does not inherit any kind of substantial likelihood of injury. Thank you. May it please the Court, I'm Lyle Jensen for the government, and I represent the government this morning. This court lacks jurisdiction or should find it lacks jurisdiction to handle this case because Galvin, the board correctly determined that Galvin Hernandez's conviction for attempted kidnapping under Arizona law is categorically a crime of violence. Now, we know from Leocal that we only do a categorical approach because we're only going under 18 U.S. Code 16d. And what that statute says is that it's got to be an offense that is a felony, which clearly this is, and that by its nature involves a substantial risk, that physical force against the person or property of another may be used in the course of committing the offense. Now, the Supreme Court has made clear that this is not an always thing. It's a risk on the attempted kidnapping. Is there a substantial risk that force may be used? As the Supreme Court said in James, you can always come up with some examples, like in an attempted murder case where the perpetrator didn't realize there were no bullets in the gun. There wouldn't have been force used. But it's the normal case, the ordinary case that we look at. And when we look at the Arizona statute, we don't just look at restraint. We look at the first part under 13-1304, which says a person is guilty of or commits kidnapping by knowingly restraining another, and that's the portion that my opponent concentrates on. But now look at the intent he has to have. Hold the victim for ransom as a shield or hostage, or hold the victim for involuntary servitude, or inflict death, physical injury, or a sexual offense on the victim, or to otherwise aid in the commission of a felony, or place the victim or a third person in a reasonable apprehension of imminent physical injury to the victim or to the third person, or interfere with the investigation. And that's the intent. And I'm not going to go into the specifics of restraint. I'm not going to go into the specifics of restraint over any airplane, train, bus, ship, or other vehicle. Where my opponent's argument fails is that the act, the restraint must be done in that context with this specific intent to commit one of these six crimes. And in the ordinary course of the investigation, it's the risk of what can happen when you commit the crime, when you commit an attempted kidnapping. You've got the risk that the police are going to get involved, that they'll be forced there, that maybe the victim's victim will resist, that maybe the victim's relatives will resist. It's all of this that can ‑‑ that consists of the substantial risk. And the fact that perhaps one can come up with one or two sort of off‑the‑wall examples where force may not be used does not negate the categorical risk or substantial risk. That's what the key to this case is. The Arizona statute is different than all the other statutes that Mr. Galvin Hernandez has cited because of the requisite intent to commit one of those six crimes. Because you have that, there is a substantial risk. And the reason that the I.J. found that it was a crime of violence? Yes, ma'am. Now, of course, the board issued its own opinion, so ‑‑ But it agreed with the I.J. on this. Well, it didn't cite the unpublished cases. It basically went back to some of this Court's cases, and it discussed what attempted murder was and what was not. And it was a very comprehensive with attempt under Federal law. Your Honor, we believe this ‑‑ we believe the statute is clear. Well, I just have a little ‑‑ the BIA's opinion is kind of generically about kidnapping. Well, it was ‑‑ yeah. And it is the Arizona statute that's the only statute that's in consideration here. We're not talking about generic kidnapping, which was basically the issue in the last argument before the Court. We're talking about this particular statute and whether there is a substantial risk that force will be used. Okay. And it cites an Arizona court of appeals case. Okay. Your Honor, we believe ‑‑ we don't believe we need to take up further the government of the Court's time, because my argument will just repeat itself. Okay. Subject to your further questions, that will conclude the hearing. You don't want that. Thank you. Your Honor. Your Honor, you mentioned that the BIA decision mentioned the Belkin case, the 1976 Arizona appeals court of appeals case. Your Honor, that particular case dealt with an earlier form of the kidnapping statute. That particular form required that the defendant forcibly steal, take or arrest any person and carry him elsewhere. Consent is not part of that case, either implicitly or explicitly. It is true that in order to be convicted of kidnapping in Arizona, you have to do one of the enumerated things in the six subsections of 13‑1304. I already brought you the one example of the sexual offense. You take a minor who is not capable, apparently, according to the legislature's eyes, of giving valid legal consent to go somewhere. So you can take a minor to a hotel, completely with the minor's consent, to have sex with that minor, again, completely with that minor's consent, and you fit squarely within 13‑1304 subsection 8. And that's the ordinary application of the statute. Your Honor, I ask the Court not to resist the temptation to start putting some type of statistical analysis as to what crimes are typically charged. Those can depend upon the politics of the head prosecutor or the budget of the ‑‑ But we look at the published cases, the cases that are published, and that's what the Supreme Court has told us to do. We can't imagine scenarios that might happen. But we look at the published cases that are in Arizona, and ordinarily those cases don't involve the scenario you're describing. Well, I unfortunately don't have ‑‑ I don't know of an appeals court case that deals with crime of violence vis‑a‑vis the Arizona kidnapping statute. I am, of course, aware of kidnapping statutes from other states, such as the Oregon case that I cited with the Williams Court. And I'm aware of the California case that I cited with the California kidnapping statute. But I'm not aware of any other case that deals with kidnapping of a child in this matter, or Delgado Hernandez decided by this particular court with regards to California's kidnapping. California's kidnapping also similarly does not have that consent provision. Your Honor, I'm not bringing some off‑the‑wall type of scenario into here. That is something that happens, I would venture to say, every day in every city of every state of this country. The problem is if the police discover it, the father, the relatives discover it, there's a serious risk of violence that's going to occur. So you don't just have the isolated snapshot of the consensual interaction. The issue is whether or not there's a serious risk of injury to someone. Yes, Your Honor, I would also ask the court to resist the temptation to decide whether a crime is a crime of violence based upon the possible reaction of third parties, including law enforcement. But our cases have said that. The cases have said that. However, I would venture to say that those are relatively minor factors in their decision as to whether or not a case is a crime of violence. The reason that's a dangerous road to go under, Your Honor, is, for example, with regards to law enforcement response. If we were to base, if we were to make that the touchstone as to whether a crime is a crime of violence or not, there would be no such thing as a physical response. There would be no response from a third party. You can litter on the ground. Somebody else might get mad that you're doing that, and that might evoke a physical response. So I would submit to you, Your Honor, it is not a wise road to go to try to contemplate. Okay. But do we really have to go there here? I don't believe you do have to go there in this case, Your Honor, because I think that you can stick to the precedents that have been set, the consent issue, and decide based on that solely. You think it would come out in your favor? Well, I, of course, would hope so. I would hope so. Thank you, Your Honor.
judges: Hug, Schroeder, Rawlinson